FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CANDY K.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:19-CV-0175-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 19. Attorney Dana C. Madsen represents Candy K. (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in 2016, alleging disability since November 1, 2014, due to liver cirrhosis, chronic pain, neuropathy, hernia, vitamin deficiency, asthma, bone pain, fluid retention, low blood pressure, varices, lesions on liver and

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

possible liver transplant. Tr. 301, 308, 365. At the time of the administrative hearing, Plaintiff amended the alleged onset date to July 31, 2017. Tr. 113-114. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on March 27, 2018, Tr. 110-152, and issued an unfavorable decision on June 12, 2018, Tr. 16-28. The Appeals Council denied Plaintiff's request for review on March 27, 2019. Tr. 1-7. The ALJ's June 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on July 10, 1972, Tr. 129, and was 45 years old on the amended alleged disability onset date, July 31, 2017, Tr. 16, 113-114. She completed some college coursework but did not attain a degree. Tr. 114-115, 366. At the time Plaintiff filled out her disability report in August 2016, Plaintiff continued to work as a cashier at Walmart. Tr. 365, 367. She also reported past work as an in-home healthcare provider as well as work in landscaping, telemarketing, and housekeeping. Tr. 142-144, 367, 383.

Plaintiff testified at the administrative hearing on March 27, 2018, that she continued to have problems with back pain despite back surgery that she described as having gone "really well." Tr. 125-126, 129. She stated her back pain is now located below the site of the fusion surgery. Tr. 126, 130. The "deep pain" she experienced in her low back radiated to her toes and occasionally caused her knees to buckle and legs to give out. Tr. 130-131. Plaintiff indicated she also had a neuroma on her right foot that made it feel like she was walking on a marble, hip pain, tremors in her hands, and periodic seizures. Tr. 131-133. She described having occasional bloating problems, a hernia, tachycardia, and sleep apnea as well. Tr. 134-136, 137. She stated she also had mental health issues including depression, anxiety, and mood swings. Tr. 124-125. She additionally testified that

due to side-effects from her medications, she must stay near and frequently use (15 to 20 times a day) a restroom. Tr. 136.

Plaintiff stated she was able to walk half a block in one stretch, stand five to ten minutes at a time before needing to reposition or sit, sit for five minutes before needing to stand up or change positions, and lift and carry a maximum of six to eight pounds. Tr. 137-139. She testified she was not able to comfortably bend over to pick something up off the floor and could not stoop or squat and get back up without assistance. Tr. 138. She indicated she is capable of sitting and folding laundry, doing the dishes, completing light grocery shopping, driving, and cooking by microwave. Tr. 127-128, 139-140.

Plaintiff stated, with the exception of one relapse, she had been sober since November 2015. Tr. 141.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either

disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 12, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 31, 2017, the alleged disability onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: cirrhosis of the liver due to history of alcohol abuse, now in remission; degenerative disc disease and joint disease of the lumbar spine status-

///

post August 2017 lumbar interbody fusion; iron deficiency anemia; asthma; affective disorder; and anxiety disorder. Tr. 18-19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertion level work with the following limitations: she can stand and/or walk for 30 minutes at one time; she can never crawl or climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and climb ramps and stairs; she must avoid all exposure to unprotected heights and have no more than occasional exposure to extreme cold, vibrations, and pulmonary irritants; and she is limited to performing work that involves simple, routine tasks with only occasional interaction with the public. Tr. 22.

At step four, the ALJ found Plaintiff was not able to perform her past relevant work. Tr. 26-27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of document preparer, printed circuit board assembler, and surveillance systems monitor. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 31, 2017, the alleged disability onset date, through the date of the ALJ's decision, June 12, 2018. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues of review: (1) Did the ALJ improperly discredit Plaintiff's symptom claims; (2) Did the ALJ fail to properly consider and weigh the opinion evidence; and (3) Are the errors harmless? ECF No. 15 at 14.

## DISCUSSION

**A.    Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective complaints. ECF No. 15 at 15-18.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff avers the ALJ's assessment of her symptom claims is flawed because the ALJ may not discount her testimony solely because the symptom testimony is not substantively affirmed by the medical evidence of record. ECF No. 15 at 15-16. Inconsistency with the medical evidence is a legitimate reason to discount a claimant's statements. *Carmickle v. Comm'r Soc. Sec. Admin.*, 553 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (an ALJ may consider whether alleged symptoms are consistent with the medical evidence). However, Plaintiff is correct that an ALJ may not reject a claimant's subjective complaints only because

///

///

medical evidence does not fully corroborate the alleged severity of the symptoms.[1] *See Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

      Here, the ALJ reasoned that while Plaintiff had severe impairments that affected her ability to work, the medical evidence conflicted with Plaintiff's contention that her limitations were disabling. Tr. 23-25. Specifically, the ALJ indicated the record reflected Plaintiff's cirrhosis had been stable since 2016, Tr. 823-824 (December 2016 report of stable findings of cirrhosis), 940 (September 2017 report of stable alcoholic cirrhosis of liver with ascites); Plaintiff's back pain improved following surgery, Tr. 965 (noting six weeks following surgery that Plaintiff was "very pleased with her surgical results and reports she is able to bend and move in ways she was never able to prior to her surgery"), and there is no evidence of post-surgical complications; her anemia and asthma were managed with medication, Tr. 741 (continue Vitamin D supplements 2000 units daily for Vitamin D deficiency), 1080 (ventolin inhaler every four hours as needed for shortness of breath); and there was no evidence of acute mental health symptomology, Tr. 713 (December 2016 mental examination indicating Plaintiff was taking psychiatric medication and receiving counseling for her symptoms, but there was no evidence her mental functioning was significantly impaired), Tr. 1081 & 1146 (presenting as alert and oriented, with normal memory, attention, concentration, speech and fund of knowledge). Tr. 24-25.

---

[1] By noting the ALJ indicated Plaintiff's activity level was "[a]nother reason that the ALJ discounted [Plaintiff's] level of symptoms," ECF No. 15 at 17 (citing Tr. 21), Plaintiff's opening brief appears to concede the ALJ provided more than a lack of supporting medical evidence as rationale for discounting Plaintiff's subjective complaints.

Based on the foregoing, the ALJ's finding that the medical evidence of record conflicted with Plaintiff's testimony of disabling symptoms is supported by substantial evidence.

The ALJ provided additional reasons in support of his adverse credibility determination: (1) Plaintiff's conservative treatment for her anemia and asthma, Tr. 24 (*see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggests a lower level of both pain and functional limitation)); (2) the successful treatment of Plaintiff's cirrhosis, low back impairment, anemia and asthma, Tr. 24 (*see* 20 C.F.R. § 416.929(c)(3)(iv) (effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling)); and (3) Plaintiff's inconsistent activities of daily living, Tr. 21.

Other than a short assertion with respect to Plaintiff's daily activities, ECF No. 15 at 17-18, Plaintiff's opening brief does not specifically challenge these additional reasons provided by the ALJ for discounting Plaintiff's subjective complaints. The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), and will not "manufacture arguments for an appellant," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by discrediting Plaintiff's claims based on the conservative and successful treatment of her symptoms is deemed waived.

///

1       Regarding Plaintiff's daily activities, it is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted the record reflected Plaintiff was able to shop for necessities; manage her finances; keep doctor appointments; drive; read; prepare meals; get along with almost everyone, including authority figures; spend time with family and friends; engage in activities that entail contact with the public, such as shopping and attending appointments; play games on her phone and the internet; draw; watch television; attend to her personal needs; and manage her daily living activities. Tr. 21. Plaintiff also testified she was capable of sitting and folding laundry, doing the dishes, completing light grocery shopping, driving, and cooking by microwave. Tr. 127-128, 139-140.

      It appears it was proper for the ALJ to note Plaintiff's activities of daily living as contrary to her subjective complaints. However, even if it were improper for the ALJ to find Plaintiff's level of activity in this case inconsistent with her subjective complaints, *see Fair*, 885 F.2d at 603 (one does not need to be "utterly incapacitated" to be disabled); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"), given the ALJ's other supported reasons for finding Plaintiff less than fully credible, the Court would find this error harmless. *See Carmickle*, 533 F.3d at 1163 (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record).

      The Court notes Plaintiff also argued the ALJ failed to consider the combination of her impairments. ECF No. 15 at 17, lines 14-18. The one-paragraph assertion is not supported by any facts or authority. In any event, the

1   Court finds that the ALJ analyzed the medical records and considered both
2   Plaintiff's physical and mental impairments when assessing Plaintiff's RFC. *See*
3   Tr. 22-26. There is no indication the ALJ failed to consider her impairments in
4   combination.
5         The ALJ is responsible for reviewing the evidence and resolving conflicts or
6   ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.
7   1989). It is the role of the trier of fact, not this Court, to resolve conflicts in
8   evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in
9   determining whether the ALJ's decision is supported by substantial evidence and
10  may not substitute its own judgment for that of the ALJ even if it might justifiably
11  have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After
12  reviewing the record, the Court finds the ALJ provided clear and convincing
13  reasons, supported by substantial evidence, for finding Plaintiff's symptom
14  allegations were not entirely credible in this case.
15  **B.   Medical Opinion Evidence**
16        Plaintiff contends the ALJ also erred by relying on the opinion of non-
17  examining, non-treating doctors, state agency medical consultant Howard Platter,
18  M.D., and medical expert Lynne Jahnke, M.D. ECF No. 15 at 18-19.
19        There is no requirement that the ALJ provide "sufficient reasons" for
20  according weight to a medical professional, rather the Court reviews whether the
21  ALJ has failed to provide legally sufficient reasons for rejecting certain medical
22  opinion evidence. *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014); *Turner*
23  *v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-1223 (9th Cir. 2010) (holding an ALJ
24  need not provide reasons for accepting the opinion of a medical source).
25        In any event, while Plaintiff asserts the ALJ erred by relying on the opinion
26  of Dr. Platter, ECF No. 15 at 18, the ALJ in fact did not rely on Dr. Platter's
27  opinion in this case. The ALJ's RFC determination, which concluded Plaintiff was
28  limited to a restricted range of sedentary exertion level work, Tr. 22, is not

consistent with Dr. Platter's opinion that Plaintiff could perform light exertion level work, Tr. 190-191, and the ALJ specifically accorded "little weight" to the opinion of Dr. Platter as it predated the alleged onset date, was rendered prior to Plaintiff's May 2017 MRI and subsequent back surgery, and did not fully consider the effects of Plaintiff's cirrhosis and anemia, Tr. 25.  Plaintiff's argument pertaining to Dr. Platter is without merit.

Moreover, as to Dr. Jahnke, although the ALJ did not rely solely on the opinion of Dr. Jahnke in making his RFC determination in this case, *see* Tr. 23-26, the ALJ did accord "great weight " to Dr. Jahnke's opinion that Plaintiff was limited to sedentary work that involved standing and walking up to 30 minutes at one time, occasional performance of most postural activities, no exposure to heights or climbing of apparatuses, and limited exposure to cold, vibration, and pulmonary irritants, Tr. 119.  Tr. 25.  The ALJ noted Dr. Jahnke's opinion was based on a thorough review of all evidence submitted and was consistent with Plaintiff's alleged symptoms and the medical evidence showing Plaintiff's back pain improved after surgery, her asthma was controlled with medication and her cirrhosis and anemia were stable with treatment.  Tr. 25.  Plaintiff does not identify any contradictory medical source opinion evidence, nor does Plaintiff argue that the ALJ erred by rejecting the opinion of any specific medical professional in this case.

Based on the foregoing, Plaintiff has failed to advance a specific, valid error with respect to the ALJ's evaluation of the medical evidence of record.

## CONCLUSION

As determined above, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible, and Plaintiff has not demonstrated any error with respect to the ALJ's evaluation of the medical evidence of record.  As such, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 4, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE